IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EARL WAYNE HUMPHRIES, #02192900, PETITIONER, | § § § § | |
| v. | § | CIVIL CASE NO. 3:23-CV-2217-L-BK |
| DIRECTOR, TDCJ-CID, RESPONDENT. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, Petitioner Earl Wayne Humphries' *pro se* motion seeking an extension of time to file a federal habeas petition under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition where appropriate. Doc. 3. Upon review of the relevant pleadings and applicable law, the request for extension of time should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

Humphries requests an extension of 60 days to prepare a federal habeas petition challenging unspecified state court convictions. Doc. 3 at 1. He styles his request as a *Motion Seeking Extension of Time to File 2254 Application*, but seeks only an extension of time to file a federal habeas petition. Doc. 3 at 1. Humphries states that in late August 2023, "the Huntsville Prison West Building caught fire and all [his] papers were ruined." Doc. 3 at 1. While he avers that he has requested handwritten copies of his documents from home, Humphries seeks an extension to "properly prepare and send [his] 2254 Application and its Breif [sic] with evidence

to the U.S. District Court." Doc. 3 at 1. However, Humphries' request is not accompanied by even a skeletal § 2254 petition.[1]

Federal courts lack jurisdiction to consider the timeliness of a § 2254 petition until it is actually filed. *See United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. Apr. 6, 2005) (per curiam) ("Before the petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory.'" (quoting *United States v. Leon,* 203 F.3d 162, 163 (2d Cir. 2000) (per curiam))). Thus, until Humphries files a § 2254 petition, there is neither an adverse party before the Court nor a concrete dispute for the Court to decide. *See, e.g.*, *United States v. Bautista*, 548 F. App'x 254, 254 (5th Cir. 2013) (per curiam) (affirming denial of motion for extension of time to file a motion to vacate sentence under 28 U.S.C. § 2255 because the district court lacked jurisdiction to entertain the motion for extension of time); *see also Braz v. Thaler*, No. 3:11-CV-993-M-BK, 2011 WL 2314086, at *1  (N.D. Tex. May 20, 2011), *R. & R. accepted*, 2011 WL 2312292, at *1 (N.D. Tex. Jun. 9, 2011) (dismissing for want of jurisdiction motion to extend time to file § 2254 petition).

Neither the Rules Governing Habeas Cases under § 2254 nor the Federal Rules of Civil Procedure contemplate the filing of a motion for extension of time to file a federal habeas petition. Furthermore, the habeas corpus statute does not authorize federal courts to prospectively extend, stop, or toll the one-year statute of limitations. *See* 28 U.S.C. § 2254; 28 U.S.C. § 2244(d).

---

[1] Forms necessary for filing a habeas petition and motion to proceed *in forma pauperis* are available in the law library of the prison unit in which Humphries is confined.

For all these reasons, Humphries' request for extension of time to file a habeas corpus petition under 28 U.S.C. § 2254 should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.[2]

**SO RECOMMENDED** on October 27, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[2] The Court does not express any opinion about the timeliness or untimeliness of the petition that Humphries may file in the future. *See* 28 U.S.C. § 2244(d) (imposing a one-year statute of limitations for filing habeas corpus petitions in federal court); *see also Hardaway v. Davis*, 684 F. App'x 444, 448 (5th Cir. 2017) (finding that timely filing of a motion for extension of time, standing alone, could not toll the one-year limitations period for filing a federal habeas petition).