## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| EARL WAYNE HUMPHRIES, | § | |
| #02192900, | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:23-CV-2217-L-BK |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| RESPONDENT. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Earl Wayne Humphries'

*pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United

States Magistrate Judge for case management, including findings and a recommended

disposition. As detailed here, the successive habeas petition should be **TRANSFERRED** to the

United States Court of Appeals for the Fifth Circuit.

### I.  BACKGROUND

In 2018, Humphries pled guilty to two murders and was sentenced to 35 years'

imprisonment. *State v. Humphries*, Nos. F-17-75667 & F-17-75062 (265th Jud. Dist. Ct., Dallas

Cnty., Apr. 3, 2018), *appeal dismissed*, Nos. 05-18-00461-CR & 05-18-00461-CR, 2018 WL

4203639, at *1 (Tex. App. – Dallas Sept. 4, 2018). Humphries unsuccessfully challenged his

convictions in state and federal habeas proceedings. *See Humphries v. Director*, No. 3:19-CV-

2100-B-BN, 2021 WL 784139, at *1 (N.D. Tex. Jan. 5, 2021), *R. & R. adopted*, 2021 WL

1422271, at *1 (N.D. Tex. Apr. 15, 2021) (denying federal petition), *certificate of appealability*

*denied*, No. 21-10539 (5th Cir. Mar. 31, 2022).

In this action, Humphries again seeks to challenge his underlying convictions, raising ostensible new claims.  Doc. 6 at 5-7.  Specifically, he complains of equal protection violations that appear related to due process and attorney misconduct claims, which were addressed and rejected.  *See* Third and fourth grounds for relief in *Humphries*, No. 3:19-CV-2100-B-BN, 2021 WL 784139, at *11-13.  However, Humphries has not obtained prior authorization to file a successive application from the court of appeals.

## II.  ANALYSIS

28 U.S.C. § 2244(b) limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief.  In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed considering the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense.  *See* 28 U.S.C. § 2244(b)(2).  Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B).  Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Court of Appeals has first permitted the petitioner to file such a petition.  *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (§ 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (§ 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case.  Because Humphries must

obtain such an order before he can file a successive application challenging his convictions, his § 2254 petition should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III.  CONCLUSION

For all these reasons, Humphries successive habeas petition should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.  *See* 28 U.S.C. § 2244(b)(3); 28 U.S.C. § 1631.

**SO RECOMMENDED** on November 17, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).